UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIA SCHNUR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-cv-00834-SEP |
| FRANK BISIGNANO,[1] | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Frank Bisignano, the Commissioner of the Social Security Administration (SSA), denying the application of Plaintiff Mia Schnur for child's insurance benefits (CIB) under Title II of the Social Security Act (Act), 42 U.S. C. §§ 401-434, and supplemental security income (SSI) under Title XVI of the Act 42 U.S.C. §§ 1381 *et seq*. Finding that there is substantial evidence to support the decision, the Court affirms the Commissioner's denial of Plaintiff's application.

**I.    BACKGROUND**

On January 3, 2022, Mia Schnur filed for CIB and SSI (Tr. 13, 238), alleging that she had been unable to work due to disability since October 26, 2021, when she was 18 years old. Plaintiff completed her GED and has no relevant work experience. (Tr. 22, 28). She alleged disability due to ADHD, anxiety, borderline personality disorder, depression, and Ehlers-Danlos Syndrome. (Tr. 254). Her application was initially denied, and she requested review of that decision by an Administrative Law Judge (ALJ). (Tr. 66, 118, 150, 186). On August 31, 2023, after a hearing at which Plaintiff testified, an ALJ decided that Plaintiff was not disabled as defined in the Act. (Tr. 29). Plaintiff filed a Request for Review of Hearing Decision with the SSA Appeals Council, which denied her request. (Tr. 1-5). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Social Security Administration.

---

[1] Frank Bisignano became Commissioner of the SSA in May 2025. Pursuant to Federal Rule of Civil Procedure 15(d), Bisignano is substituted as Defendant in this suit. *See* 42 U.S.C. § 405(g).

## II.   STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Act, a claimant must prove she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for [her], or whether [s]he would be hired if [s]he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a);[2] *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if she does not, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *McCoy*, 648 F.3d at 611. At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If it does, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d); *McCoy*, 648 F.3d at 611.

---

[2]  All references are to the version of the regulations in effect on the date of the ALJ's decision.

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" (RFC), which is "the most a claimant can do despite [her] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e). At Step Four, the Commissioner determines whether the claimant can return to her past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform her past relevant work, she is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.* At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if she cannot make such an adjustment, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III. THE ALJ'S DECISION

Applying the five-step analysis in this case, the ALJ found that Plaintiff had the severe impairments of major depressive disorder, generalized anxiety, borderline personality disorder, attention deficit hyperactivity disorder, asthma, morbid obesity, mild left carpal tunnel syndrome status-post release, Ehlers-Danlos Syndrome, mild thoracic degenerative disc disease, and sacroiliitis. (Tr. 16). The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*. The ALJ further found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567, but with certain exertional and non-exertional limitations: She could occasionally climb ramps and stairs but could never climb ladders, ropes, or scaffolds; she could occasionally balance, stoop, kneel, crouch, and crawl; she could frequently handle and finger with her upper left extremity (noting that she is right-handed); she must avoid exposure to concentrated fumes, dust, odors, gases, and poor ventilation; she was

3

limited to simple, routine tasks with minimum changes in job duties and setting; she should avoid fast-paced production work, for example, jobs with hourly quotas; and she could only occasionally interact with coworkers, supervisors, and the general public.  (Tr. 19-20).

The ALJ found that Plaintiff had no past relevant work.  (Tr. 28).  The ALJ determined that Plaintiff was able to perform occupations that exist in significant numbers in the national economy and concluded that Plaintiff was not disabled as defined in the Act.  (Tr. 29).

**IV.      STANDARD FOR JUDICIAL REVIEW**

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942; *see also Biestek*, 587 U.S. at 103 ("Substantial evidence . . . means— and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from it. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012).  But the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'"  *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)).  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.   DISCUSSION

Plaintiff challenges the decision for two reasons. Doc. [8] at 4. First, she asserts that the ALJ erroneously determined during the Step Three analysis that Plaintiff's impairments did not meet or exceed Listing 14.06, which is the listing for connective tissue diseases, including Ehlers-Danlos Syndrome. *Id*. Second, she argues that the ALJ failed to properly evaluate the medical opinion of psychological consultative examiner, Dr. Thomas Spencer, when the ALJ found unpersuasive Dr. Spencer's opinion that Plaintiff had marked, rather than moderate, limitations in her ability to learn, recall, use information, and stay on task. *Id*. at 11. Defendant responds that a mere diagnosis of Ehlers-Danlos Syndrome is not enough to satisfy the listing, and Plaintiff did not meet her burden of showing that her condition met the listing's requisite criteria. Doc. [9] at 4-9. Defendant further asserts that the ALJ properly considered the persuasiveness of Dr. Spencer's opinion and provided sufficient reasons for determining that his opinion was unsupported by his report and inconsistent with the evidence of record. *Id*. at 10-13.

As described above, this Court's role is to determine whether the decision is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. As long as there is substantial evidence in the record that supports the decision, this Court may not reverse it because there is substantial evidence that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs. Based on a careful review of the record as a whole, and for the reasons stated in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit. The record contains substantial evidence supporting the ALJ's decisions on both Plaintiff's points of appeal. *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

The Court acknowledges that the record contains conflicting evidence that could have led to a different conclusion. But this Court's task is not to reweigh the evidence presented to the ALJ. The weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**VI.   CONCLUSION**

Having reviewed the entire record, the Court determines that the decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 25th day of September, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE